IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GBEKE MICHAEL AWALA,
Plaintiff,

v.

DRBA POLICE DEPT. et al.,
Defendants.

CRIMINAL/CIVIL NO. civ-05-097-KAJ

## REQUEST TO PROCEED IN FORMA PAUPERIS[b]

BRIEF IN SUPPORT OF CLAIM 42. U.S.CA 1983.

Now Comes, Plaintiff Severally, as Pro Se, and move this Honorable Court to charge in essence a violation of Obscenity Laws of the United States Code, Title 18 U.S.C.A § 1462, and for reasons therefore state.

(1) The U.S Attorney for the District of Delaware has not instituted Criminal Proceedings in this Court and has not procured a Criminal Indictment Concerning DRBA Police Department Charging, in essence, violation of Obscenity laws of the United States Code, TITLE 18 U.S.C.A § 1462, for the reason of offensive to decency, and inciting Lustful feelings, Disgusting, Degrading treatment or punishment and TORTURE in which

b-see page 13

(1.)

3/7/05

and their wound is incurable. The Petitioner alleged inter alia, he was stripped and naked, in the Video Tape-Computer Court Room, at the Stationhouse Interrogation in Communicado about his arrest and detention. Then the Officers Layed him and he was forced to sleep naked a 5Hrs in a cell, So the Sgt. came and he had realistic opportunity to stop it, he did not. and the defendant Causes evil upon him exceedingly and the Petitioner was wrought and Tempestous, Alleged Invasion of Individual's Constitutional Rights by Police, Sergeant, was not Priviledged For Immunity. It is no doubt that the Court has a Law which if enforced would give relief to the Plaintiff. The Statutory Provision of TITLE 18 U.S.C.A § 1462 is, as written, is not Protected to the First, Fourth, Fifth and Sixth Amendments to the Constitution of the United States against or For the benefit of IMMUNE or Immunity against suit attributed to the defendants DRBAPA et al. Knowingly and deliberately.

(2) The U.S. Attorney for the DISTRICT OF DELAWARE has not Instituted Criminal Proceedings in this Court and has not

(2.)

3/4/05

procured a Criminal Indictment Concerning, Defendants, Homeland Security Office - ICE, US CUSTOMS, BORDER PROTECTION et al, in Charging, violation of Concealment, removal, or Mutilation general Laws of the United States of America Code, TITLE 18 U.S.C Section § 2071. (a)(b). which having Obtained Such records, documents, papers, photographs and Willfully and unlawfully Conceals, removes, mulates, Obliterates, falsifies, theft or destroyed the Same, belonging to the Plaintiff by an Officer of the United States Government.

(a) For the Transgression of the herein defendants is all this assertion and for God saw their works and a Clear and Convincing Cause and PreJudice, which as Created a procedural, factual and legal Obstacle and enlarged the narrow class of the Plaintiff's Case under CR04901-KAT, implicating a fundamental miscarriage of Justice, Notwithstanding the ample Evidence of Prejudice accumulated, by him, Plaintiff is under impending, imminent danger of Serious physical injury. Wherefore, Plaintiff asserts, NO " Statute, Ordinance, regulation, Custom or Usage of Delaware, made a State remedy unavailable or of the Same made no Federal remedy unavailable.

(b) A reasonable Jury of any peers or race with or without adequate Jury Selection or Instructor would award damages to Plaintiff.

## (PART A) DOCTRINE OF QUALIFIED IMMUNITY:

(1) According to doctrine of qualified Immunity Law enforcement officers acting within their professional Capacity are generally Immune from Trial insofar as their Conduct does not violate clearly established Statutory or Constitutional rights of which reasonable person would have known. To the Contrary Plaintiff was denied Rights.

(2) Where Law enforcement Officers raises qualified immunity defense, Court must determine whether Plaintiff has alleged deprivation of actual Constitutional right and, if so, whether that right was Clearly established at time of alleged violation. Mr. Creed on that day onward.

### (a) Probable Cause to arrest —

Plaintiff, Arrest warrant issued by Magistrate or Judge does not, in Itself, shelter Officer from Liability for violation of clearly established Statutory or Constitutional rights of which reasonable Person would have known or discern Harmful deprivation of Civil right. U.S.C.A. Const. Amend. 14 For the Transgression is all this brought under 42 U.S.C § 1983, TITLE 18 U.S.C.A § 1462 and TITLE 18 U.S.C Section § 2071 (a)(b)... The Court should cry against the wickedness of the defendants and observing the Incurable damages caused and remove.

(4.)

II. and DECLARE JUDGMENT RELIEF AGAINST THE DEFENDANTS carefully for good begging from the DRBA Police Department onto the Gate of the Homeland Security - I.C.E - U.S. Customs and Border Protection et al. Pull the Plaintiff from the delicate doleful lamentation Captivity they Coveted haughtily against the plaintiff with no Shame. Defendants devise evil and would not remove their necks as to discern between their right hand and their left hand. Plaintiff Prays God and Locked on the Court for recovering Stolen Constitutional Rights and personal Items physical, now physically in present unmoving Introducing Imminent to physical Injury for Lack of possessions.

PART B. ( MEMORANDUM OF AUTHORITY

@ Americans are used to hearing that they have certain rights and priviledges especially Rights to TRIAL and Civil Rights.

<u>THE PEOPLE LIKE ME</u>: The people elect representatives and give them the power to make Laws and govern.

"<u>We follow Common Sense of Courts</u>: "Abra Loumina Vs State of New York, [Haitian Immigrant- Intimidated et seq.], United States. See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996), Wilson v. Layne, 526 U.S. 603, 119 S.Ct. 1692, 1699, 143 L.Ed 2d 818 (1999) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed 2d 396 (1982)) Conn v. Gabbert, 526 U.S. 286, 119 S.Ct 1292, 1295, 143 L.Ed. 2d 399 (1999) See: Orsatti v New Jersey State Police, 71 F.3d 480, 482 (3d Cir. 1995) see Sherwood v Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997)

(5.)

United States vs Leon, 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), cf Franks v Delaware, 438 U.S. 154, 98 S.Ct 2674, 57 L.Ed.2d 667 (1978). [In Franks, the Court held that where a defendant showed by the preponderance of the evidence that a false statement necessary to the finding of probable cause was made "knowingly and intentionally, or with reckless disregard for the Truth," the Constitution requires that any Evidence derived from the exercise of that warrant had be excluded from a Criminal Trial. Id. at 155, 98 S.Ct. 2674.] see United States v. Davis, 617 F.2d 677, 694 (D.C.Cir. 1979)(quoting Franks, 438 U.S. at 171, 98 S.Ct 2674).

(b)   In this Case Awala, with its hybrid allegation (Awala explain the Methodologies with him when alleging the Criminal prong and civil prong. ---- If we follow the Common Sense approach of the Court of Appeals for the Eight Circuit *788 and hold that Omissions are made with reckless disregard if an Officer withholds a fact in his ken that "[a]ny reasonable person would have known that this was the kind of thing the Judge would wish to know." United States v. Jacobes, 986 F2d 1231, 1235 (8th Cir. 1993). In Awala, the U.S. Customs and Border Protection with reckless disregard of Truth, Unilateraly withhold

material documents from them, freeland in question after satisfying himself and gave Consent to re-entry. In Jacobs supra, the Court concluded that the officer acted with reckless disregard when he told the magistrate that a drug sniffing dog showed "interest" in the bag of the defendant but failed to Inform the Magistrate that it had not gone into "alert" Id et 1234. "Because of the highly relevant nature of the omitted information, the Court held that "the omission occurred at least with reckless disregard of its effect upon the affidavit. Id. See also: United States v. Clapp, 46 F.3d 795, 800 (8th Cir. 1995) (reckless disregard for the Truth is exhibited when expressing that which was not "believed or appropriately accepted" as True.

(c) <u>ADMINISTRATIVE of JUSTICE</u>- BECAUSE NAKEDNESS IS A MARK OF APOSTASY BEFORE God. The Court on the Judiciary is empowered by God to strengthen the excellency of dignity, and the excellency of Power: Unstable as water to excell Against Injustice. Mr Awala, was brought to Appear before an Honorable Judge of Peace Court in Delaware, and the Court on the Judiciary of the STATE OF DELAWARE Supplied Some reasonable answers to questions raised herein by

(7.)

Plaintiff with regards to [see attached Exhibit Awalamichael

(1) According to the Holy BIBLE - For the Commandment is a Lamp, and the Law is light, and reproofs of Instruction, and the way of life. and if the law is a light where for we see in Obscurity and God is not the author of Confusion or Obfuscation, that he [see 1 chronicles chap 17 - vs 1 (Since that Time. I Commanded Judges to be over my people [America], So is our Constitution Layed down Commandment to Illuminate or eyes to Instructions and equality of Justice without Prejudice. [see Exhibit 9 page 16]

(2) In the application of Said Statutory provisions Law enforcement officials - DRBAPD et al, did not first provide for Common Interest of the Court; that they forbid or require the doing of an act in terms so deficient in the area of the exercise of Plaintiffs Civil rights to the Constitution of the United States. Lack of excellency and dignity For the Court; to produce the Plaintiff. Nakedly in such an abigous position that they had control of and had ample opportunity and realistic chances to amend in good faith, not subjected to an proper Sexually Obscene or Obscenity before the Court of Justice.

(3) The Court on the Judiciary is empowered to impose the sanction of (a) removal from office

(b) retirement, (c) Suspension (d) cessation of all authority rights, and priviledges, as a Judicial officer: "Presiding on Sit on the day of the Police officers alleged Violation pursuant to Title 18. U.S.C. A§ 1462, Judge Wayne R. Hamby, et al, (e) declaration that a Vacancy thereby exists in the Judicial office previously held by the defendants — Judge Wayne R. Hamby et al, (f) forfeiture of benefits in re Buckson, 610 A.2d 203 (Del 1992) not Limited to a federal Court Jurisdiction or Adjudication. Such is systematic in Delaware see [Exhibit 4] Newspaper Art A7

(4) The Court has the power to Suspend a Judicial officer [see exhibit Awukumichael], is inherent in the express power granted pursuant to this Section: In re Rowe, 566 A.2d 1001 (Del. Jud. Ct 1989) not limited to federal Judiciary district by Imperialism doctrine.

(5) Any Judicial officer appointed by the Governor or president may be Censured or removed or retired by the Court on the Judiciary as herein provided see § 37. Section — Court on the Judiciary Delaware. due to persistent misconduct in Violation of the "Canons of Judiciary Ethics, as adopted by the Delaware Supreme Court from time to time. THE DELAWARE JUDGES' Code of Judicial Code. Of Conduct.

(9)

COURT ON THE JUDICIARY OF THE STATE OF DELAWARE

MARGARET L. NAYLOR
*Clerk*

SUPREME COURT
34 THE CIRCLE
P.O. BOX 369
GEORGETOWN, DE 19947

February 28, 2005

Mr. Gbeke Michael Awala
Salem Correctional Facility
125 Cemetery Road
Woodstown, NJ 08098

Dear Mr. Awala:

    I am responding to your request for information on how to file a complaint in the Court on the Judiciary. Copies of the following materials are enclosed:

1. Rules of the Court on the Judiciary;
2. Judges' Code of Judicial Conduct; and
3. Article IV, section 37 of the Delaware Constitution.

    The Court on the Judiciary receives complaints alleging judicial misconduct or disability that are filed against Delaware judges and commissioners. A complaint that is filed with the Court (i) must bear the complainant's original signature; (ii) set forth the complainant's address; (iii) name the judicial officer involved; (iv) allege with particularity the nature of the alleged misconduct or disability; and (v) be executed by oath or affirmation under penalty of perjury before a notary public. The Court does not consider a complaint that is (i) frivolous, (ii) lacking in good faith, (iii) based upon a litigant's disagreement with the ruling of a judicial officer, or (iv) is properly a matter subject to appellate review. Ct. Jud. R. 5.

    If you intend to file a complaint in the Court on the Judiciary, please send the complaint to me at the following address:

Margaret L. Naylor
Court on the Judiciary
P.O. Box 369
Georgetown, DE 19947

Very truly yours,

Enclosure(s)

[Page 10 - Exhibit Amended.] (10)

(6) Even Judges has opportunity to be heard in accordance with the due process of Law. When serve with a written statement of the charges against him or see section 37, Court on the Judiciary Conduct

## Conclusion: In God I Trust —

A Judicial officer may be censored or removed by virtue of this Section for wilful misconduct in Office, wilful and persistent failure to performe his or her duties the Commission after appointment of an offense involuntary Moral Turpitude, or other persistent Misconduct in violation of the aforesaid Judicial Committee Canons of Judicial Conduct. Section 37. In Awala, All activities and misconduct of the Court was wilful and deliberately.

(7) Hon. Kent A Jordan Presiding herein — Mr Awala Plaintiff Direct the Court's attention to CANON 3(5) A Judge should dispose promptly of the business of the Court, So For Good Apply Rules of Responsibility and Summons the defendants, not limited to the — Judge Hartley, et al.

CANON 6(F) PRACTICE OF LAW — A Judge should not Practice Law, Notwithstanding this prohibition, a Judge may act Pro Se, Mr Awala sought Judgess of all issues presented and sought the Federal Court's assistence completely. (11). as he his Pro se. herein.

(Prejudice and Move to recuse.)

(A). Plaintiff Presents Conflict of Interest.

U.S. District Judge Kent Jordan took himself off a case at the request of the defendants. The Racketeering Case against former top New Castle County Officials, Tom Gordon and Sherry Freebery. The 3rd Circuit U.S. Court of Appeals assigned Senior Judge John P. Fullam to take over the case... "According to Sources." The defendant's were charged along with Mail fraud... also for "Destroying documents." In Awala. Hon. Kent A. Jordan is Currently Presiding over his Criminal Matters on File. CR: 040901-KAJ. Inter alia - The Judge Agreed a Potential Conflict existed.... Matters of "New Castle Ex. Officials ... Judge Colleagued. Judge Farnan, but not because he believed Judge Farnan had any Significant Involvement in the "Mail fraud Case." Destroying Documents. Mr. Awala. alleged in the Civil Context and Suing the Government whom is represented by Ms. Beth Moschow Schnoll in an ongoing Criminal matter against him to avoid prejudice of any magnitude awala sought redress or consent of Courts.

(12)

Awala 3/5/05

# Gag order denied in state police suit

## Top officers accused of harassment

By SEAN O'SULLIVAN
The News Journal

A federal judge on Friday denied the state's request that he silence the plaintiff, attorneys and witnesses in a sexual harassment lawsuit against the Delaware State Police.

U.S. District Court Judge Gregory M. Sleet said the gag order proposed by attorneys for the state of Delaware was unnecessary, overly broad and if imposed, would be unconstitutional.

"We respect the court's ruling," said Deputy Attorney General Ralph Durstein, who represented the state. "We saw an escalation of comment in this matter and thought this step was appropriate to assure all parties a fair trial."

Capt. Barbara Conley filed the lawsuit against the Delaware State Police and its top officers in October, alleging harassment, gender discrimination and inappropriate behavior by Col. L. Aaron Chaffinch.

**Capt. Barbara Conley filed the lawsuit.**

See DENIED — A7

## NEW CASTLE COUNTY

**"Big River,"** a musical based on Mark Twain's "The Adventures of Huckleberry Finn," opens this weekend, with shows at 8 tonight and 2 and 8 p.m. Sunday. DuPont Theatre, 11th and Market streets, Wilmington. Newark native Alexandra Wailes stars. $47-$65. 656-4401, (800) 338-0881 or www.duponttheatre.com.
Review, B3

## SUSSEX COUNTY

**"You're A Good Man, Charlie Brown,"** the Second Street Players' 25th anniversary production, will be performed at 8 tonight as well as 3 p.m. Sunday at the Riverfront Theatre, 2 S. Walnut St., Milford. $15. Also 8 p.m. Feb. 25-26 and 3 p.m. Feb. 27. 422-0220 or www.secondstreetplayers.com

### COMING SUNDAY

Allen Iverson is nearing 30. Is the window closing for the 76ers to win a title with him?



**HONDA**
Cleveland Ave., Newark, DE
738-5200 • www.martinhonda.com
**OPEN SUNDAY! 11–5**
...tion required. Cannot be combined with any prior offers. Prior sales excluded.

Today's Date: 10/27/2004
Report Spanning: 08/13/2004 - 10/27/2004

Inmate Current Running Balance Date Range Report
SALEM COUNTY CORRECTIONAL FACILITY - Location: MAIN

Page 1 of 1

Notice:   To Whom It May Concern

Please be advised that, Prisoner Gbeke Michael Awala was committed to this Correctional Facility on August 13, 2004. At the time of his commitment this subject had no money to deposit onto his Inmate Account. As of this date and time, Inmate Awala has not had any money deposited onto his inmate Account, and as such has been considered indigent during the entire term of his incarceration.

If there are any questions, or any additional information is required concerning this matter, please contact our Inmate Finance Office at (856) 769-4300, Ext. 706.

Thank you,

*Raymond C. Skradzinski*
Raymond C. Skradzinski, Undersheriff
Salem County Correctional Facility

(see Exhibit 5)

(13b)

b. <u>Financial Information</u>: see Exhibit 6
<u>Plaintiff Responds to the Courts Concern</u>
<u>with regards to payment of filing fee of</u>
<u>$250.00.</u> Plaintiff request to proceed in forma
Pauperis and attached a letter from the
Warden who may be Reached by Phone and
the Court's Clerk may Petition for any Assets
or Liability Balance on Inmate Account, where
MR Awala is not in any degree affluent and
Cannot meet the Financial Obligation of
this matter and has been Indigent since the
day 1 he was imprisoned. 8/13/05.

Plaintiff could not afford any 20% Initial
Filling fees or partial filling fees as he is Strongly
Indigent and brought this Action in light
of The Griffin-Douglas "Equality" Principle
GRIFFIN V. ILLIONIOS, 351 U.S. 12, 76 S CE. 585
100 L. Ed. 89 (1956) (Indigent Litigator).

General Prayer: Prays for Final Evidentiary
Hearing of this matter in light of the Interest of
Justice and relief seeking monetary Relief,
IN This case from the presence of the Lord
defendant Cannot Invoke Immunity from
Suit. Plaintiff is under imminent danger of Physical Injury.

(13a)

3/4/05
GBEKE M. Awala.

# THE DELAWARE JUDGES' CODE OF JUDICIAL CONDUCT

Canon
1. A judge should uphold the integrity and independence of the judiciary.
2. A judge should avoid impropriety and the appearance of impropriety in all activities.
3. A judge should perform the duties of the office impartially and diligently.
4. A judge may engage in activities to improve the law, the legal system, and the administration of justice.
5. A judge should regulate extra-judicial activ-

Canon
    ities to minimize the risk of conflict with judicial duties.
6. A judge should regularly file reports of compensation received for law-related and extra-judicial activities.
7. A judge should refrain from political activity inappropriate to the judge's judicial office.

Compliance with the Code of Judicial Conduct.

Index follows Rules.

---

IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN RE ADOPTION OF THE DELAWARE JUDGES' CODE OF JUDICIAL CONDUCT

Before VEASEY, Chief Justice, HORSEY, MOORE, WALSH and HOLLAND, Justices (constituting the Court *en Banc*).

ORDER

This 16th day of December, 1993.

IT APPEARING That:

(A) A Special Advisory Committee of distinguished members of the Bar and Bench of Delaware was appointed to formulate and recommend amendments to the Delaware Judges' Code of Judicial Conduct to this Court.

(B) The Committee carefully considered the present Delaware Judges' Code of Judicial Conduct, the American Bar Association's 1990 Model Code, and the 1992 Code adopted by the Federal Judicial Conference. The Committee filed a preliminary and later a Final Report with this Court. After making copies of each report available and giving due notice to all concerned, this Court held a series of meetings with the Delaware Judicial Conference, over a period of two years, to consider the Special Advisory Committee's preliminary and then Final Report;

(C) This Court has duly considered the Final Report of the Committee, as well as the com-

ments and suggestions received in connection therewith; and upon the bases thereof, this Court has concluded it to be in the best interests of the administration of justice to promulgate The Delaware Judges' Code of Judicial Conduct annexed hereto.

NOW, THEREFORE, IT IS ORDERED:

(1) The annexed Code is hereby adopted and promulgated as The Delaware Judges' Code of Judicial Conduct to become effective on January 1, 1994;

(2) The Clerk of this Court is directed to transmit forthwith a certified copy of this Order to the Prothonotary and the Register in Chancery of each county, the Clerk of the Court of Common Pleas and the Clerk of the Family Court in each county, the Clerk of the Municipal Court of Wilmington, and the Chief Magistrate of the Delaware Justice of the Peace system.

BY THE COURT:
Chief Justice E. Norman Veasey
Justice Henry R. Horsey
Justice Andrew G.T. Moore, II
Justice Joseph T. Walsh
Justice Randy J. Holland

**Editor's note.** — Some case annotations appearing herein were decided prior to the January 1, 1994 adoption of the Delaware Judges' Code of Judicial Conduct. Such annotations have been retained under pertinent Canons where it was thought that they would be of value in interpreting the present version.

Citation/Title
6 USCA § 272, Citizenship and Immigration Services Ombudsman

*48740 6 U.S.C.A. § 272

UNITED STATES CODE ANNOTATED
TITLE 6. DOMESTIC SECURITY
CHAPTER 1--HOMELAND SECURITY ORGANIZATION
SUBCHAPTER IV--DIRECTORATE OF BORDER AND TRANSPORTATION SECURITY
PART E--CITIZENSHIP AND IMMIGRATION SERVICES

*Current through P.L. 108-236, approved 6-15-04*

## § 272. Citizenship and Immigration Services Ombudsman

(a) In general

Within the Department, there shall be a position of Citizenship and Immigration Services Ombudsman (in this section referred to as the "Ombudsman"). The Ombudsman shall report directly to the Deputy Secretary. The Ombudsman shall have a background in customer service as well as immigration law.

(b) Functions

It shall be the function of the Ombudsman--
  ★ (1) to assist individuals and employers in resolving problems with the Bureau of Citizenship and Immigration Services;
  ★ (2) to identify areas in which individuals and employers have problems in dealing with the Bureau of Citizenship and Immigration Services; and
    (3) to the extent possible, to propose changes in the administrative practices of the Bureau of Citizenship and Immigration Services to mitigate problems identified under paragraph (2).

(c) Annual reports

  (1) Objectives

Not later than June 30 of each calendar year, the Ombudsman shall report to the Committee on the Judiciary of the House of Representatives and the Senate on the objectives of the Office of the Ombudsman for the fiscal year beginning in such calendar year. Any such report shall contain full and substantive analysis, in addition to statistical information, and--
    (A) shall identify the recommendations the Office of the Ombudsman has made on improving services and responsiveness of the Bureau of Citizenship and Immigration Services;
    ★ (B) shall contain a summary of the most pervasive and serious problems encountered by individuals and employers, including a description of the nature of such problems;
      *48741 (C) shall contain an inventory of the items described in subparagraphs (A) and (B) for which action has been taken and the result of such action;
      (D) shall contain an inventory of the items described in subparagraphs (A) and (B) for which action remains to be completed and the period during which each item has remained on such inventory;

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

[Exhibit 7]

★ US Customs + BORDER PROTECTION

(15)

08/12/2004   02:58   JP COURT 11 → BRIDGE                                                NO. 246   D001

## Adult Complaint and Warrant
### In the Justice of the Peace Court
in and for the
### State of Delaware

**State of Delaware vs. GBEKE O. AWALA**

I, PTL HAWKINS (2196) of DEL. RIV & BAY AUTH, do hereby state under oath or affirmation, to the best of my knowledge, information and belief that the above-named accused violated the laws of the State of Delaware by committing criminal acts in New Castle county on or about the date, or dates, and at or about the location, or locations, as indicated in Exhibit A hereto attached and made a part hereof.

Wherefore, your affiant prays that the above-named accused may be forthwith approached and held to answer this complaint consisting of 1 charge, and to be further dealt with as the law directs.

X  PTL. D. Hawkins 2196
                                                            Affiant

Sworn to and subscribed to before me this 12th day of August AD, 2004.

                                                Wayne R Hamby
                                                Judge/Commissioner/Court Official
                                                11:40 A.M.

(To be completed by the Judge/Commissioner/Court Official)

A. _____ The crime was committed against a child.
B. _____ A misdemeanor was committed against a child.
C. _____ A misdemeanor was committed by one family member against another family member.
D. _____ Other; Explain _____

### Warrant

To any constable or other authorized person:

Whereas, the foregoing complaint consisting of 1 charge, having been made, as listed in Exhibit A which is attached hereto and incorporated herein, and having determined that said complaint has been properly sworn to and having found that there exists probable cause for the issuance of process, based upon the affidavit of probable cause which is attached hereto and incorporated herein as Exhibit B, you are hereby commanded in the name of the State of Delaware, to take **GBEKE O. AWALA** accused, and bring same before

Justice of the Peace Court 11, **FORTHWITH**, to answer said charge.

GIVEN UNDER MY HAND, this 12th day of August AD, 2004.

                                                Wayne R Hamby
                                                Judge/Commissioner/Court Official

Executed on 08/12/2004 by HAWKINS
Case Number: 04 08 014599   Warrant Number: 91 04 000161

(Exhibit 9)