IN THE ~~SUPERIOR~~ FEDERAL COURT OF DELAWARE-DISTRICT
FOR THE COUNTY OF WILMINGTON-NEW CASTLE

GBEKE MICHAEL AWALA, et al )
And the people of The )
American States )
PLAINTIFFS, )   CIVIL NO: 05-097-KAJ
)
)
VS. )
)
DRBA, Delaware - et al )
Homeland Security, Defendants )

PRETRIAL MOTION PURSUANT TO: Civ. Rule 26.1 Discovery.

NOW COMES, the plaintiffs, Gbeke Awala and American States, unanimously as Pro Se, and as citizens of the United States, under the above ~~States~~ Federal Court Rules of Civil Procedures, moves the honorable Court, and the Most Noble ~~Superior~~ Federal Court Judge, to hear and execute judgment in the above captioned matter in the interest of parties herein and in the interest of justice. In support plaintiffs states as follows:

Table of Content & Facts

(A). Meeting of Parties, Discovery Plans, and Initial Disclosures.

(a) Mr Awala asserts and Instructively request The Hon. Court to bring against the defendents as the error-or-fault find in them Concerning the Violations of the Statute against Mr Awala. To Consult together to establish damages. Or, ... The requirements Currently Codified in Fed. R. Civ. P. 26(a) and (f) pertaining to required disclosures, meeting of parties, and Submission of discovery Plans. Or Comply with Rule 11, Submit Representation to the Court.

(B) DISCOVERY OF EVIDENCE: Plaintiff moves pursuant to the Fed. Rule of Civ. Procedures Rule 16, Pretrial Conference Scheduling; Management. And Fed. R. Civ. P 26: Duty of

<u>Disclosure</u> -- Initial transcripts of depositions, and Interrogatory by the defendant - DRBAPD and answers thereto, requests for production of documents or to permit entry into the Police Station, and response thereto, and requests for admissions all Physical Evidence - Cart Video Tape, over the, after Plaintiff was made Stand Naked in the Court Room, and interrogation by the Judge Hamby in Communicado about Charges. To file the Video upon order of the Court. To Comply in full with the Services of Copy to the Plaintiff as he is entitled under Fed R. Civ. P. 5. and <u>26(a)(4)</u>. and also Including Section (d) Discovery of Digital Information Including Computer-Based Information.

(b) The Defendant Homeland Security, To Comply with the Federal Rule of Civ P <u>Rule 34</u>. Production of Documents and things and Entry upon Land for Inspection and the purpose, the Plaintiff asserting his Identity and documents, Including (Work Book - employee who worked that night at the Airport). To prove Whether any Such document was kept for accountability. Failure To maintain Coparation in <u>Discovery is a Sanction</u>.

(C). <u>PROTECTIVE ORDERS AND PUBIC ACCESS: Civ Rule 5.3</u>

Mr. Awala request for to Seal, or otherwise restrict Public access to any materials filed with the Court in Connection with Judicial decision over this matter. <u>Settlement Agreement:</u>
For the purpose of the Court to retain Its Jurisdiction, Plaintiff requires the Court to enter and require the defendants

<u>Disclosure</u> -- Initial transcripts of depositions, and Interrogatories by the defendant - DRBAPD and answers thereto, requests for production of documents or to permit entry into the Police Station, and response thereto, and requests for admissions all Physical Evidence - Court Video Tape, over the, after Plaintiff was made to Stand Naked in the Court Room, and interrogation by the Judge Hornby in Communicado about Charges. To file the Video upon order of the Court. To comply in full with the Services of Copy to the Plaintiff as he is entitled under Fed. R. Civ. P. 5. and <u>26(a)(4)</u>. and also Including Section (d) Discovery of Digital Information Including Computer-Based Information.

(b) The Defendant Homeland Security; To Comply with the Federal Rule of Civ P. <u>Rule 34</u>. Production of Documents and things and Entry upon Land for Inspection and the purpose, the Plaintiff asserting his Identity and documents, Including (Work Book -employee who worked that night at the Airport). To prove whether any such document was kept for accountability. Failure To maintain Corporation in Discovery is a <u>Sanction</u>.

(C). <u>PROTECTIVE ORDERS AND PUBLIC ACCESS</u>: Civ Rule 5.3.

Mr. Awala request for to Seal, or otherwise restrict Public access to any materials filed with the Court in Connection with Judicial decision over this matter. <u>Settlement Agreements</u>

For the purpose of the Court to retain Its Jurisdiction, I Plaintiff requires the Court to enter and require the defendants

(2).

to enter into a Timely Settlement Agreement as authorized by Law. Pursuant to the Fed. R. of Civ. Procedures 24(b)(1) Intervention.

Under Thired Circuit Precedent, the filing of otherwise Confidential material may make that material a Public record and Subject to Public access: See, e.g., Bank of America Nat'l Trust and Savings Ass'n v. Hotel Rittenhouse Assoc., 800 F.2d 339 (3d Cir. 1988). This is intended to allow Confidential materials to be filed and remain under seal until a motion to Seal or otherwise restrict Public access is ruled on. Otherwise arguably Confidential materials would be "Transmitted" into materials Presumptively Subject to Public access. See Grambele v. Deutsche Bank AG, 377 F.3d 133, 143 n.8 (2d Cir. 2004).

Mr. Awala also had ample driven heart to allow and hardened this matter to be deposed from herein Single Plaintiff to a Class Action pursuant to Rule 23, derives as under the First Amendment and Federal Common Law, because of the Incident-by-Incident description and Sufficiency of Individual determination, the Systemic misconduct of the Defendants.

ABA Section on litigation Ethical Guidelines for Settlement Negotiations. Guideline 4.2.4 (August 2002). allows parties to enter into agreements.

(2)

As a general proposition, Settlement agreements are not presented to Judges or Magistrate Judges for "Approval". Such approval has no Legal Significance. See, e.g., Pascarella v. Bruck, 190 N.J. Super. 118 (App. Div. 1983). Moreover, Judicial approval of a Settlement may make that Settlement a Public record and Subject to Public access. See, Jessup v. Luther, 277 F.3d 926 (7th Cir. 2002). For the reasons, Mr. Awala proves that the Hon. Judge. Kent A. Jordan, has ample Jurisdiction to Intervene and provide for Judicial approval of a Settlement, as the Intent of Mr. Awala, the Plaintiff is to have the Court Rule and Retain Jurisdiction to enforce a Settlement Proposal or agreement. Mr. Awala Urges the Court to Seek the attention of the defendants to settle the Civil action brought against them. See also, Kolkkonen v. Guardian life Ins. Co., 511 U.S. 375 (1994).

(D.) **CONCLUSIONS:** The malfeasance, ill Conduct, especially by a Public officers, Mr. Awala Moves to Include another relief pursuant to Fed. R. Civ P 15(a): As he had demonstrated aforetime his "Strong Desire" To Join the UNITED STATES MILITARY FORCE, become a Lawyer Trained under the Military (ROTC) in Germany (a reason for applying for his US passport), that The Judge have Jurisdiction to Consult together with the Government to grant him the "Sealing Arrest and Convictions Record" ("Expungement"), Simultaneously So he may participate in the Army without Preclude. Respectfully submitted, Submitted under penalty of perjury (H.)

As a general proposition, Settlement agreements are not presented to Judges or Magistrate Judges for "Approval". Such approval has no Legal Significance. See e.g. Pascarella v. Bruck, 190 N.J. Super. 118 (App. Div. 1983). Moreover, Judicial approval of a Settlement may make that Settlement a Public record and Subject to Public access. See. Jessup v. Luther, 277 F. 3d 926 (7th Cir. 2002). For the reasons, Mr. Awala proves that the Hon Judge. Kent A Jordan, has ample Jurisdiction to Intervene and provide for Judicial approval of a Settlement, as the Intent of Mr. Awala, the Plaintiff is to have the Court Rule and Retain Jurisdiction to enforce a Settlement proposal or agreement. Mr Awala Urges the Court to seek the attention of the defendants to settle the Civil action brought against them. See also, Kolkkonen v. Guardian life Ins. Co., 511 U.S. 375 (1994).

D.) CONCLUSIONS: The malfeasance, ill Conduct, especially by a Public officer, Mr. Awala Moves to Include another relief pursuant to Fed. R. Civ. P 15(a); As he had demonstrated aforetime his "Strong Disire" To Join the UNITED STATES MILITARY FORCE, become a Lawyer Trained under the Military (ROTC) in Germany (a reason for applying for his U.S. passport), that The Judge have Jurisdiction to Consult together with the Government to grant him the "Sealing Arrest and Convictions Record" ("Expungement"), Simultaneously So he may participate in the Army without Preclude. Respectfully submitted, Submitted under penalties of perjury.

Case 1:05-cv-00097-KAJ    Document 13    Filed 04/29/2005    Page 8 of 12

CERTIFICATION

I hereby certify that the petitioner herein has the sum of $ -62.50 on account to his credit at the SCI Institution where he is confined. I further certify that petitioner likewise has the following securities to his credit according to the records of said _____ Institutions: _____

_____

AUTHORIZED PRISON OFFICIAL

4/24/05
DATE

Gbeke M. Awala

JEFFREY MILLS
Notary Public of New Jersey
My Commission Expires Nov. 07 2007
3-31-05

19

Gbeke M. Awala, Pro Se
Salem Correctional Facility
125 Cemetery Road
Woodstown, NJ 08098

Legal Mail.

[Postmark: SALEM NJ, APR 25 '05, U.S. POSTAGE 0.83, 6063151]

[Stamp: DMS X-RAY]

Hon. Kent A. Jordan.
UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE
J. CALEB BOGGS FEDERAL BUILDING
844 KING STREET   Lockbox 18
WILMINGTON, DE 19801