IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

GBEKE MICHAEL AWALA,

    Plaintiff-Appellant,

    Vs.    USDC No. Civ No. 05-097-KAJ

    Appeal No.

DELAWARE RIVERBAY AUTHORITY POLICE DEPARTMENT
(DRBAPD),
OFFICERS: Hawkins, Coleman and Sgt. Cook,

POLICE AND PATROLMENS's BENEVOLENT ASSOCIATION
(PBA) OFFICIALS "STATE OF DELAWARE)),
UNITED STATES ATTORNEY's OFFICE
COLM F. CONNOLLY(DISTRICT OF DELAWARE),
BETH MOSKOW SCHNOLL,
U.S. CUSTOMS AND IMMIGRATION ENFORCEMENT,
BALTIMORE-AIRPORT/SPECIAL AGENTS JACK AND GONZALEZ
PHILADELPHIA, et al

    Defendants-Appellee.

<u>NOTICE OF APPEAL FROM THE ORDER OF A DISTRICT COURT</u>
<u>MOTION TO AMEND PARTIES</u>
<u>THIS APPEAL WAS FILED AND DUE DELIGENCE WAS PREDICATE BUT FOR THE ERRONEOUS
ACTIONS BY THE DISTRICT COURT'S CLERK FAILURE TO ENTER DOCKET No. inter alia.</u>

<u>NOW COMES, the plaintiff-appellant, Gbeke Michael Awala, appearing Pro
Se in the foregoing civil action, and respectfully moves the court of appeals,
pursuant to the Fed.Rule App. P Rule 4(a)(5) and (6)(A), the District court
must reopen the Time to File an Appeal, the moving party, herein the appellant
did not properly receive any Order of judgment, judgement of the Court was
deemed as to Informa Pauperis disputes. The appellant equitably file the Notice
before the alleged 60 days under subsection(a)(1)(B)when a United States Officer
is a party. The Motion was not treated by the Court, entry was not made by
the District Court granting in accordance with the Local Rules. The Honorable
3rd Circuit Court should accept the appeal under extraordinary plagues and
serious and prolonged unjust and multiplicity of establishment against the
appellant by the District Court in Delaware.</u>

<u>THEREFORE, the time for filing should be reopen and an appeal should be docketed
and amendment proposed by the appeallant be accepted. Pending the filing of
Brief and appendix.</u>
In support thereof the appellant submitts the Issues presented and the
Statement of claim and Jurisdictional Authority, pursuant to Title 28 U.S.C.
§1291 Final Judgment.

### A. JURISDICTION OF THE APPEAL COURT

The appellant, Mr Gbeke Michael Awala, appearing Pro Se, brought an action against the appellee, pursuant to Title 42 U.S.C. §1983, for which the Honorable District Court erred and denied the asserted issues the alleged district court error consist of erroneous factual findings or the misapplication of a properly stated rule of law, upon which the court entered a judgment, instead denied the appellants relief pursuant to the provisions under Title 28 U.S.C. §1915A et seq. Therefore, the appellant demonstrate herein that the case now brought before this court, to overtunr or rule in contrary manner aganst the lower courts judgment, based on the fact that the issues presented or herein presents are such imperative, arguable factually and legally, it is of public importance as to justify deviation from any procedural defect limiting or infirming this court's jurisdiction. The Court have Jurisdiction to hear the appeal pursuant to Title 28 U.S.C. §1291 Final decisions of district court; and

CIVIL RIGHTS ACTION--PUNITIVE DAMAGES--"OPPRESSIVE CONDUCT."

Punitive damages are available to a civil rights plaintiff who succeeds in showing that a police officer acted in an "oppressive" manner while committing acts in violation of his constitutional rights, the U.S. Court of Appeals for the Ninth Circuit held August. 22. (Dang v. Cross, 9th Cir., No. 03-55403, 8/22/05).

The appeal court is further brought forward on this case, to command, to clear, to rave the lower court to bow down in an utterance in the interpretation of the law, or condoning ministarial error, failure to personally, as a statutory duty of the judge to follow the precedents decided prior to (Dang v. Cross)(cited ante). The court's opinion during in-court testimony by the appellant and the uncorroborated testimony provided by the (DRBAPD), Officer Hawkins et al, the Court in an opinion by Hon. Judge Kent A Jordan, "does not raise to the level of torture or oppressive conduct," the court's refusal to accept the Conduct of the alleged Police Officer conduct rendered the Judgment incomplete or erroneous.

### B. STATEMENT OF CLAIM

On/or around August 12, 2005, the appellant was apprehended by the Delaware Riverbay Authority Police department, following a tip, that the appellant failed to pay toll fees, and was found with a suspended license. The DRBAPD Police subsequently conducted an "NCIC,"-check to ensure the appellant was not a fugitive, as a normal Police routine work. The NCIC result overt acted a report, whether true or not, that the Homeland Security service, had a warrant for the arrest of the appellant, several delays were made while the appellant was not properly dressed or nacked within the meaning of righteousness. The appellant was then delivered into inner cell under interrogation, appellant attacked the legality of the warrant in that it was a "shock in conscience," the appellate inter alia demonstrated hed was legal in the country, he was potentially eligible to apply for U.S. Citizenship Records, his actual proof facts of alieanage to Nigeria, was taken at the airport, and that the warrant

coldn't have been retroactive. The argument was futile contructively, the Police officer, indicated performance of some judicial duty and hearing before Judge Hamby. Now before the nudity issue arises, the appellant was detained for the subsequent implications by the Immigration, so the Police had actual custody, while the Immigration had constructive dominion or control over the affairs of the appellant.

### 1. THE IN-CELL PHYSICAL ABUSE

Then on/or around 2hours, then Sgt. Cook visited the "inner cell the appellant was held, the appellant was exposed to serious cold wether, the cell was aggravatedly cold or extremely cold, the appellant noted, the sgt. opened the cell doors, gaining entrance to were the appellant lied down on the floor, with a linen cover, that coldn't hold or sustain the coldness, nothwithstanding the pain, the sgt. cook of the DRBAPD, used is feet by force, kick the appellant to move, then used again is feet to forcefully withdraw the linen from covering the entire body of the appellant, his action was malicious, wanton, and oppressive, then the appellant asserting the pain the sgt. cook, looked with a very devilish face, and quieted the appellant, ignored the appellants assertion for been naked in the cold. Nothing the appellant said was able to reduce the abuse. The female Officer Hawkins witnessed the incident but gave a contrary and contradictory testimony concerning the alleged abused.

The DRBAPD extending their hands vigorously with strings rejoicing over the wrongful conduct, chronicled with extremely or obsenitary sextual gesture, using verbal language to coerced the avenging assertions made by the appellant at that point, the police went on to be singing "American Woman, come lay with me," any reasonable person with adequate capacity would discern the appellant was been offered physical and mentall abuse, based or occassioned with him claiming he was an American beign treated like that kind. The circumstantial array of verbal gestures by the three Officers, Hawkins, constantly laughing and Officer Coleman, and Sgt. Cook inside a little offce located at the east end of the cell block or unit.

### 2. NAKED BEFORE THE VIDEO COURT FOR ARRAINGMENT.

The appellant was brought forward by the Female officer Hawkings in the middle of the night to appear before the New castle Judge Hamby video Court, naked, the appellant had on a tiny underwear good to be pronounced as a swiming trunk," assuming arguendo, the appellant had on a specific underwear not before a court, the appellee DRBAPD may not be a store house of clothes but they had make over, specially when it appears that the person had non on, and to avoid any embarasement or suit would in conformity when the appellant requested either is linen back, provide him an alternative clothes to keep him warn, or not left laying down on the floor with no sheets, it was not that the appellant attempted suicide or was evidenting suicidal inferences. The DRBAPD were wrong and they were acting under the color of the Law, they may not be sheltered from suit within the meaning of immunity, which is qualified but not absolute and they may not be sheltered at all or beyond plenary if the court apply totality of facts or circumstances to redress this matter.

. The appellee, POLICE AND PATROLMEN'S BENEVOLENT ASSOCIATION (PBA)official were writen via the Police headquaters in Dover, Delaware; no response

3. The appellee, POLICE AND PATROLMEN'S BENEVOLENT ASSOCIATION (PBA) official were writen via the Police headquaters in Dover, Delaware; no response, it is the theory of the appellat that the heard about the issue, and it is obvious they would contacted the DRBAPD's Office since the last Six Months, it is the presumtion by the appellant which the weight of the offense suggest, the civil suit must charge the union with condoning an "environment in which the most violent police officers believed they would be insulated" from prosecution.

4. The appellee United States Attorney's Office, Colm F. Connolly and Beth Moschow Schnoll. Had constructive detention over the affairs of Mr Awala, herein plaintiff, the incident that took place and the probable cause establishing the arrest and extradiction faced into their own federal Custody was rebuffed based on testimony supported with a direct physical proof of facts exammined by the AUSA, Beth Moschow Schnoll, before, Honorable Judge Kent A. Jordan, she viewed the alleged entry passport and saw the afixed entry stamped prospered by the U.S. Border patrol, she was acting under the supervision of Mr. Colm F. connolly, the several arrays of items collected, thought by the appellant implicates Title 18 U.S.C. §2071, concealing or ganishing, multilation general the documentation needing to show a proof to corroborate the testimony with the passport used at port of entry, the governments moving to secure further exammination of the passport was arbitrary and lacks any trustworthenness in light of other missing items listed in Documents 1 through 9, filed under this suit in the recocrds of the District Court, including the records under Criminal No. 04901-KAJ, now on interlocutory, before this court. The U.S. attorney, Mr. Connolly failed to interven and such intervention in light or weithed against his experience, he was written for comment but failed, so he has been embraced to face the suit inter alia issues presented and other appellees.

5. U.S. CUSTOMS AND IMMIGRATION ENFORCEMENT, AIRPORT STAFF/SPECIAL AGENTS JACKS AND GONZALEZ

IT is the theory of the plaintiff/appellant that a reasonable Officer would have investigated the issue, especially when the alleged agent "Gonzalez," was confronted during a Direct Exammination during suppression, the agent affirmed beyond a reasonable doubt what he saw and that the appellant had a stamped issued by his department, however tendered to "attack," the authentic bearing of the passport, whereas, the appellant demonstrated to the agent that under the Federal Rule of Evidence pursuant to Rule 902(3), Self-authentication, foreign public documents. The agent could not explain why he failed to investigate the "Missing documents." It is objectively true that the agent along with the Government "recklessly disregarded the Truthfulness of the matter," and was not mere negligent but deliberately acted indifference towards the claim of the appellant. To the extent the agent is also liable. A reasonable agent would have assist the appellant to recover the missing document and even if it was according to the interest of justice, the agent would have helped the trier of facts to understand the matter. The missing documents would or may have been recovered, and the outcome of the proceeding would have been different, the agent had more capacity than then the defense counsel or any private investigator hired by the defense.

C. CITATIONS AND AUTHORITIES

In a case arising from the United states Supreme Court: the Court

4.

held (Unincorporated labor unions citizenship for the purposes of federal diversity jurisdiction held that of each of its members). See United Steel Workers of America AFL-CIO, vs R.H. Bouligny, Inc, 382 US 145(1965).

In the instant case: The appellee Police and Patrolmen's Benevolent Association (PBA)Officials, whether registered in the State of Delaware or not, the Police Officers in this action, officers Hawkins, Coleman and Sgt. Cook, were Patrol Men and Women for the Delaware River Bay Authorities Police Department, and for the purpose of constructive liability, the plaintiff would post the elements of the appelles offenses or conducts as interferances with the appellants constitutional rights protected against "actual and threatened force and violence of injury to his persons, for the purpose of "Federal question and Diversity of Citenship," it is alleged and claimed as appropriate the officers were part of the union and the union is responsible for promoting fair job treatment at the benefits of DRBAPD's staff. Therefore, the union per se is liable.

**BRANDISHING OF FIREARMS OR CLEAR AND CONVINCING PROOF OF DANGEROUS WEAPONS IN THE VICINITY THE APPELLEES HAVE DOMINION AND CONTROL.**

The appellant would borrow idea of what a predicate threat "displays," were Police in this case had unlawfully abused the appellant based on the available conduct, the appellant need not prove by preponderance of evidence, any potential occurence of unruly behaivor. In a case were the "bank robbers ordered the bank employees and customers of the bank to lie on floor, pointed their weapons at the victims, and threatened to kill anyone who disobeyed. See U.S. v. Mattews(NY), 1994, 20 F.3d 538.

In this case at bar: Mr. Awala, avers, this is obviously not a robbery or Hobbs Act type incident, however, the appellant's treatment, lie on the floor of the cell, was systematic says a fellow inmate from Delaware who felt sympathy, beign ordered to punitive treatment and stripped, so what would have happened if the appellant disobeyed the officer, he had a firearm in his person, he actively employs the gun in connection with arrest, he may have employed it constructively to abuse the appellant. Similarly, there is enough overt act to reasonably concludes that Sgt. Cook would have actually used any weapon.

I am a victim and still am suffering the pain the court is tuned reasonably to the oppressive coduct of officials, committed acts in violation of Mr. Awala's constitutional rights, including the appellee's use of excessive force in the course of authority, used his feet to push the edge of the linien, it is the conclusion by the rule of law that malicious, wanton and oppressive acts or omissions are within the boundaries of §1983 Action.

The Supreme Court declared in Smith v. Wade, 435 U.S. 247(1978), that punitive damages are available in actions brought under 42 U.S.C. §1983. The is "no reason why a person whose federally guaranteed rights have been violated should be granted a more restrictive remedy than a person asserting an ordinary tort cause of action.

5.

### D. REMEDIES OR DAMAGES SOUGHT

CAUSE OF ACTION.--STANDARD FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In this case at Bar; the honorable District Court Judge Kent A Jordan, did not adequately and sufficiently identify the meritorious action brought by the appellant deserving money reward, the Court was not mindful to construe the issues liberally in favor of the plaintiff in light of his Pro Se appearance. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The honorable court erred judgment should have been entered in favor of the plaintiff. Mr Awala's claims were cognizable under Title 42 U.S.C. §1983 and there is not available any other means other than a Federal court to file the lawsuit.

---

Immunity from suit: In an action alleging that the appellee's purpose held that the Police Officers and the Governments Agents and the United States Attorney, Mr. COLM F. CONNOLLY, AND MS. BETH MOSCKOW SCHNOLL et al is not absolutely immune from suit for damages arising out of his allegedly unconstitutional conduct in performing his national security functions, because the illegality of there actions clearly deprived them from clearly established immunity from suit. See Mitchell v. Forsyth (1985, US) 86 L Ed 2d 411, 105 S Ct 2806.]

### (a). DAMAGES SOUGHT

The Honorable court may award damages as follows:

(1) actual damages, but not less than liquidated damages, in the amount of $800,000,000(U.S. Currency);

(2) punitive damages upon proof of willful or reckless disregard of the law; as the Supreme Court said, case following Smith(cited ante) confirm that the "standard for punitive damages under common law tort cases, is the same standards for assessing punitive damages...[s]uch acts are therefore all proper predicates for punitive damages under §1983. The appellees shall pay the damages by intermingling the money value together.

(3) reasonable attorney's fees and other litigation costs reasonably incurred; and

(4) such other preliminary and equitable relief as the court determines to be appriopriate.

D. conclusion

Wherefore, the plaintiff prays the Court grants him the NOTICE OF APPEAL based on the foregoing merits.

Submitted under penalty of perjury to be true and correct.

This is to certify that a copy has been sent to the Following parties:

(1) DRBAPD, New Castle Delaware.    NOTED: United States Court of Appeals, 3rd Circuit.
(2) United States Attorney's Office, Wilmington De.
(3) U.S. Cutoms and Immigration, Philadelphia, PA
(4) Office of the Clerk,
United States District Court
District of Delaware

Dated. 11/15/05

Respectfully submitted,

*[signature]*

GBEKE MICHAEL AWALA PRO SE
NO. 82074-054
FEDERAL DETENTION CENTER
P.O. BOX 562
PHILADELPHIA, PA 19105

7.