IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE MICHAEL AWALA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civ. No. 05-097-KAJ |
| | ) |
| DELAWARE RIVER AND BAY | ) |
| AUTHORITY POLICE DEPARTMENT, | ) |
| AND HOMELAND SECURITY | ) |
| OFFICE - ICE, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM ORDER

**I.    INTRODUCTION**

Plaintiff Gbeke Michael Awala ("Awala"), Reg. No. #82074-054, is a *pro se* litigant who is currently incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania. At the time he filed this complaint (D.I. 2), Awala was incarcerated at the Salem County Correctional Facility in Woodstown, New Jersey. Awala filed this action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 12)

When the Court granted Awala's request for leave to proceed *in forma pauperis*, he was ordered to file a complete certified copy of his trust account statement within thirty days, or his complaint would be dismissed. (D.I. 11) On June 1, 2005, the Court dismissed Awala's complaint without prejudice for failure to file a complete certified copy of his prison trust account statement. (D.I. 16) On June 2, 2005, Awala filed a "Motion for 90 continuance." (D.I. 17) On July 5, 2005, Awala filed a document which he titled, "Motion Seeking Relief Other than Money Damages and Stating Claim that

Agencies Above Failed to Act in Official Capacity." (D.I. 18) Awala attached to this document a complete, certified copy of his prison trust fund account statement. (*Id.* at 6-7.) Based on Awala's trust account statement, the Court finds that he has no assets with which to pay the initial filing fee or the $250 filing fee. Nevertheless, any money Awala later receives will be collected as ordered below.

## II.  BACKGROUND

### A.  The Complaint

Awala names the Delaware River and Bay Authority Police Department (the "Police Department"), and the United States Department of Homeland Security-ICE[1] as Defendants in this action (D.I. 2 at 3.) Awala's complaint is very difficult to understand, particularly because, rather than simply conveying the facts, he attempts to use case law and scripture to make his case.

The allegations in the complaint stem from Awala's arrest on August 12, 2004. Awala alleges that when he was stopped for failure to pay a toll, Officers Hawkins and Coleman violated his constitutional rights by making him stand outside in "the heavy rain, bearly footed [sic], no shoes on, for more than 01:00 hrs to determine a 'computer check.'" (*Id.* at 7.) He further alleges that he was "half naked, no clothes on, just a coat and underwear ... ." (*Id.*)

Awala was transported to the Police Department, and he alleges that when he arrived there, Supervisor, Albert W. Littleton, took his coat, leaving Awala cold and

---

[1] Awala originally named his federal public defender, Christopher Koyste, ("Koyste") as a defendant. However, he moved to voluntarily dismiss Koyste as a defendant on April 11, 2005, (D.I. 10) and the Court granted his motion on April 20, 2005. (D.I. 11)

hungry in the cell. (*Id.* at 8) He also alleges that while there, despite his requests, the defendants refused to provide him with clothes or a drink. (*Id.* at 8.) Awala also appears to allege that he was "tortured" by Defendant Hawkins during his detention at the Police Department. (*Id.* at 2-3.) He alleges that the defendants treated him as a "ghost terrorist," used "terroristic" threats, and verbally abused him. (*Id.*)

A video arraignment was held. Awala first alleges that he was "naked" during the video arraignment, only to later to state he wore "nothing on his body other than a swimming trunk/paint [sic]." (*Id.* at 9-10). Awala alleges that Officer Hawkins "intimidated and threatened" him to address only the allegations raised in the criminal complaint during his video arraignment and to not raise any complaints regarding the conditions of his confinement. (*Id.* at 9.)

He also alleges that all the defendants taunted him by whistling and singing "American Woman" while he waited to be picked up by an Immigration Officer. (*Id.* at 10.) Awala alleges that when Immigration Officer Gonzalez ("Gonzalez") arrived on the scene, Gonzalez ordered Hawkins and Coleman to return his coat. (*Id.* at 11.) He stated that Gonzalez later took custody of his truck through his consent, which he claims was not knowingly and intelligently given. (*Id.*) Awala was later transported to the New Castle Correctional Police Department.

Awala initially requests compensatory damages in the amount of five hundred million dollars. (*Id.* at 15.) Awala also appears to be requesting that this Court order the Defendants to provide financial aid to a variety of national and international charities. (*Id.* at 14.)

3

**B.     Motions**

On March 31, 2005, Awala filed a document entitled "Motion for Certification of Mediation." (D.I. 9) In this document Awala appears to be requesting that the Court schedule a pre-trial conference in this matter. (*Id.*) Because the Court finds Awala's claims frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), this case will not be scheduled for a pre-trial conference and the motion is denied.

On April 29, 2005, Awala filed a document entitled "Motion for Pre-Trial Conference - Discovery." (D.I. 13) On May 4, 2005, Awala filed a second "Motion for Pre-Trial Conference." (D.I. 15) The motions are denied as moot.

On May 2, 2005, Awala filed a "Motion for Entry of Judgment of Confession" pursuant to the Delaware Rule of Civil Procedure 58. (D.I. 14) The motion is stricken inasmuch as the Delaware Rules of Civil Procedure are not applicable to this Court. On the same day, Awala filed a "Motion for Continuance - 90 Days." (D.I. 17) This motion is difficult to understand but appears to be a request for an extension of time to file his prison trust account statement. (*Id.*) Because Awala filed his prison trust account statement on July 5, 2005, this motion is denied as moot.

On June 1, 2005, Awala filed a document titled, "Motion Seeking Relief Other than Money Damages and Stating Claim that Agencies Above Failed to Act in Official Capacity." (D.I. 18) This motion is basically unintelligible and is denied.

Awala filed a Motion for Attorney's Fees and Leave to Appeal Claim on July 6, 2005. (D.I. 19) Awala is not entitled to attorney's fees. Therefore, the motion is denied. The Leave to Appeal is construed as a Motion to Reconsider the dismissal of the case for failure to provide his prison trust account statement. The motion is granted.

## III. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## IV. ANALYSIS

### A. Delaware River and Bay Authority Police Department

Awala has not raised any specific allegations against the Police Department. His claim against it appears to rest solely on the theory of vicarious or supervisory liability.

The Supreme Court has held that liability under 42 U.S.C. § 1983 is individual and requires evidence of personal involvement in a constitutional violation. *Rizzo v. Goode*, 423 U.S. 362, 377 (1976) (rejecting respondeat superior liability under § 1983); *see also Heggenmiller v. Edna Mahan Corr. Inst. for Women,* 128 Fed.Appx. 240, 245 (3d Cir. 2005) (rejecting the § 1983 claims of prisoners against supervisory prison officials for the conduct of certain prison guards). Indeed, under 42 U.S.C. § 1983, governmental entities cannot be held liable under a theory of respondeat superior, and liability only arises when a constitutional deprivation results from an official custom or policy. *Monell v. Department of Social Servs. of City of New York,* 436 U.S. 658, 691-94 (1978). Moreover, the execution of the policy or custom must be the moving force behind the constitutional violation or exhibit evidence of deliberate indifference to the plight of the person deprived. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (requiring direct causal link between policy and alleged constitutional violation); *Hendon v. Crane,* No. 91-433, , 1993 WL 315980, *9 (D. Del. March 2, 1993) (same); *Cooper v. Merrill*, 736 F. Supp. 522, 566-67 (1990) (same).

Awala makes no allegations that the violation of his constitutional rights was caused by any custom or policy. It appears that Awala is attempting to hold the Police Department liable merely because of its supervisory position and not because of its direct actions. It is worth noting that, even had Awala named individuals as defendants, the allegations in the complaint naming specific individuals who are not named as defendants simply do not state a claim rising to the level of a constitutional violation.

Accordingly, Awala's claim against the Police Department is frivolous and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B.     Department of Homeland Security

Awala also names as a defendant, the Department of Homeland Security, and brings this claim pursuant to § 1983. A § 1983 claim however, is not cognizable against the Department of Homeland Security.

A claim against a federal defendant is governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 389 (1971). In *Bivens*, the Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers. To state a claim under *Bivens*, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Mahoney v. Nat'l Org. For Women,* 681 F.Supp. 129, 132 (D.Conn.1987) (citing *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978)).

Homeland Security is a department of the United States government. The United States has sovereign immunity except where it consents to be sued. *United States v. Mitchell,* 463 U.S. 206, 212 (1983). In the absence of such a waiver of immunity, Awala cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right. See *FDIC v. Meyer,* 510 U.S. 471, 484-87 (1994). There is nothing to suggest that the United States has waived its sovereign immunity with respect to the claim Awala seeks

to assert against the Department of Homeland Security. Therefore, Awala's claim against the Department of Homeland Security is dismissed.

## V. CONCLUSION

IT IS HEREBY ORDERED that:

1. The Motion for Certification of Mediation (D.I. 9) is DENIED;

2. The Motion for Pre-Trial Conference - Discovery (D.I. 13) is DENIED;

3. The second Motion for Pre-Trial Conference (D.I. 15) is DENIED;

4. The Motion for Entry of Judgment of Confession (D.I. 14) is DENIED;

5. The Motion for Continuance - 90 Days (D.I. 17) is DENIED;

6. The Motion Seeking Relief Other than Money Damages and Stating Claim that Agencies Above Failed to Act in Official Capacity (D.I. 18) is DENIED;

7. The Motion for Attorney's Fees (D.I. 19) is DENIED;

8. The Motion for Leave to Appeal, construed as a Motion to Reconsider, is GRANTED;

9. Awala's complaint is DISMISSED without prejudice, as frivolous, in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1);

10. Awala shall, within thirty days from the date this Order is sent, complete and return the attached authorization form allowing the agency having custody of him to forward all payments required by 28 U.S.C. § 1915(b)(2) to the Clerk of the Court; Awala shall be required to make monthly payments of 20 percent (20%) of the preceding month's income credited to the plaintiff's prison trust account and, absent further order of the Court, the Warden or other appropriate official at FDC Philadelphia, or at any prison at which the plaintiff is or may be incarcerated, shall forward payments

from his account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fee is paid; and,

11. The Clerk of the Court shall mail a copy of this Memorandum Order to Awala.

_____
UNITED STATES DISTRICT JUDGE

December 15, 2005
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE AWALA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-97 KAJ |
| | ) |
| DELAWARE RIVER AND BAY AUTHORITY POLICE DEPARTMENT, AND HOMELAND SECURITY OFFICE - ICE, | ) |
| | ) |
| Defendants. | ) |

**AUTHORIZATION**

I, Gbeke Awala, Fed. Reg. #82074-054, request and authorize the agency holding me in custody to disburse to the Clerk of the Court all payments pursuant to 28 U.S.C. § 1915(b) and required by the Court's order dated December 15, 2005.

This authorization is furnished in connection with the filing of a civil action, and I understand that the filing fee for the complaint is $250.00. I also understand that the entire filing fee may be deducted from my trust account regardless of the outcome of my civil action. This authorization shall apply to any other agency into whose custody I may be transferred.

Date: January 16, 2005.

_____
Signature of Plaintiff