IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GBEKE MICHAEL AWALA,
        Plaintiff,                              CIVIL NO. 05-097-KAJ.

Vs

HOMELAND SECURITY OFFICE-ICE
DELAWARE RIVER AND BAY AUTHORITY
        Agents, Police and officers.
                    Defendants.

FILED
JAN 10 2006
U.S. DISTICT COURT
DISTRICT OF DELAWARE

## MOTION TO RECONSIDER

Now comes the Plaintiff. Gbeke Michael Awala, appearing Pro Se, and Dorcas Brown, Moses Hime Awala, respectfully moves the honorable Court for an Order to Reconsider the Merits of the claims submitted, the honorable Kent A Jorden presiding Judge, Should not Contenance such behavior brought for a Redress, Plaintiff alleges Injury that is direct, distinct and palpable, not merely Conjectural. The defendant's have duty to Care for Citizens and In Contrary the Plaintiff experience a difficulty personally suffering as a result of the defendant's putatively unconstitutional

... and the Plaintiff Injury Can reasonably and fairly traced to Challenged actions and the Court Prior to Its <u>December 15, 2005,</u> Judgment, Wilmington Delaware, Should have reasonably known in advance or Foresee Injury that Can likely be redressed by the Court in favor of the Plaintiff. The Plaintiff is Perpetual in the alleged Cause of Action untill resolved Completely without Forfeiting any right or privilege. The Court Should reconsider.

    In Support thereof the Plaintiff States as follows:

### A. Department of Homeland Security:

    Awala brought a claim pursuant to Section 1983 and Equal protection and Due Process Claims, Plaintiff raises a Cognitive claim Objectively in Sense, In the present Case partaining to <u>hindering</u> in establishing his alleged U.S. Citizenship records. In doing So, Plaintiff held true to his Sense of Justice, as Claiming a Property Interest (see Records of property; alleged Taken.)

(2.)

how the Baltimore, Border Protection Agents,
Created adverse effect, having to obfuscate
truth the Plaintiff's affirmed Consent to
reenter the United States to regain his
U.S. Citizenship pursuant to 8 C.F.R. part
12-12, the Department of Homeland Security,
facts regarding the Plaintiffs Acient document,
Indicating who is a child in the United
States, as a Baby to kinder and Tender
ages. The Defendants Causes Plaintiff to
loses his birthright Citizenship and been
Considered illegal alien in the United states
of America. Incident dated January 1, 2004.

The Plaintiff is now hindered from
establishing by a Preponderence of the
Evidence means to prove that the Government's
oppose to its non-alienage is more likely
not so, the Documents would have
Certainly Proof by force and Convincing
proof that the Plaintiff's Biological family
Dorcas Brown and Moses Awala were at
Some point Present with him physically
In the United States of America, On/or
around 1967 through 1977, When and
after Plaintiffs father was Shot to death
in Chicago and his mother also Survived
Gun shot but abused and Surrender to
Drugs and Narcotics. Pictures and Baptismal
and hospital Receipts have grounds to establish
a great record, the Short Coming by the
defendants Homeland Security have an enormous
negative Impact on the due administration of Plaintiff
Birth Right.        (3).

ANALYSIS

For the foregoing reason, the Court should grant the Motion to reconsider and compel the Defendant - Homeland Security to bring over the Documents in his possession to the Court, the Court should rule over their oppression and hinders the plaintiff, Mr. Chele M. Auala, the Court should agree that the defendant are acting under the Color of federal law and the deprivation in question is secured by the U.S. Constitution, the action caused by the Defendant is Motivated by racial Inference or Intent, thus In violation of the Plaintiffs equal protection Right, the Injury Can be fairly traceably to reasonably Challenge the unreasonable Transfer of the plaintiffs property In an attempt to eject him from the United States the plaintiffs own land, Such treatment is Individually different from others Similarly Situated, Its deliberate Indifference as Displaced and Its without a rational Basis. The Action Denied equal Prot. Sec 1983.

The Plaintiff as been denied the Due process of law under Section 1983, the Plaintiff has been denied liberty and Property Interest without haven been given a Notice and an opportunity to be heard Prior to the deprivation. To destroy the Plaintiffs Citizenship Documents, thus Can adequately alleged a Procedural due process in the defect In the procedures employed by which Mr. Auala was deprived his property, therefore the Procedural due process violation Claimed by Auala must Pass. against the Defendants.

(4)

The Plaintiff also challenged the Border protections' Homeland Security-Ice, failure in part to Investigate the Complaint or relinquish at there disposal Instead retain the Same documents, Such action deny: his fundamental right that many Courts In the United States as characterizes as a liberty Interest as it applies to the Plaintiff Awala, I have the right to Obtain my Public records to protect my reputation and my reputation has been harmed under the Substantive due process and the Homeland's Security's failure to respond to the Plaintiff's request and the unfairness of the Procedures Used left the Plaintiff with an Incorrect address to write or dispatch or demonstrate Claim, the Defendant have not Shown a non dispassionate Conduct, have disinterested the Issue, Uninvolved and its deliberate. Its disputable in Court of Competent and Adequate Jurisdiction. Thus, mR. Awala's Claim of Violation of Substantive, due process must Pass. They have Originals of Documents.

(b) ANALYSIS; QUALIFIED IMMUNITY.

After taking the facts in the light most favorable to MR. Awala herein asserting Injury In fact closely related to his deprivation of property Interest based on the defendant Homeland Security Officers Malfeasance, Consequently Satisfy Injury requirement, for Standing to bring Case or Controversy, Plaintiff allege Injury that is direct, distinct and palpable, not mere hypothetical

(5.)

which is treacable as the Plaintiff suffers
actual Injury and under Imminent danger
of a Criminal Judgment, the Government
alleging Unauthorized or Illegal entry Into
the United States, In Contrary Plaintiffs
Consent to re-enter Can be readable, the
Government's action is Idiotic or Irrational,
as a result the foregoing facts, Including
Facts In other Motions Can Show that
the Officers direct Contact with Mr. Awala
under the authority of the Federal law or
Color of Law or deligate as Identifying
the allege misconduct to have Violated
my Constitutional Right, Should eliminate
any attempt to Shield Damages or
liability under Qualified Immunity, therefore
the Defendant's potential to claim qualified
Immunity must fail. The Conduct was Punitive.

## C. ANALYSIS: SOVEREIGN IMMUNITY.

I will Make Mention: Ignorantia legis
neminem excusat; Ignorance of the law excuses
no one —— The defendant Homeland Security under
the Power of the United States Gaernment have
a Sovereign Immunity except where it Consents
to be Sued. However, In this Case In
chief With respect to the Claim the
Plaintiff Awala seeks, the Defendants
Corruption, dishonesty, lack of Action, related
to the filing of the Plaintiffs U.S. Citizenship
Certificate of Intent and declaration of Citizenship,
Including Some Money Orders of Monetary
Value, the defendants Recklessness or
Ignoramus, Can reasonably Suggest that
the Defendant had Consented to the Suit,

(6.)

the outcome of the effect or adverse effect
would have been weighed In light of totality
of Circumstances, Presenting permit, but for
the deprivation of the right, the Plaintiff
would have been afforded the full benefit
that every person born in the United States,
and Subject to jurisdiction thereof, becomes
at once a U.S. Citizen, and needs no
Naturalization, and Information Could have
Corroborated the overlooked "Ghana Passport",
to prove that the Plaintiff did not elude
examination by the Immigration officer. In
light of the Totality of the Circumstances
the outcome of the Criminal Case before
the Plaintiff Would have <u>defer</u> and the
Government would have had to prove beyond
a reasonable doubt the Plaintiff aliearage,
Instead of Conclusion based on INS file, which
the plaintiff Identifies as not <u>Decisive</u> for
Criminal Trial. The claims here Teaches a
finding that the defendant has <u>Waived</u> Sovereign
Immunity with respect to mismanagement, stolen,
mutilate of Records or documents kept, which is
per se actionable in money damages for alleged
breach of Trust In Connection with Its management
of Mr. Awala's Records honestly In good faith
deposited with the defendant, and thus Can be fairly
Interpreted as mandating Compensation by the
Federal Government for damages Sustained by
the breach of Its offices duties, although the
Supreme Court Created a federal tort Counterpart
to the remedy Created by 42 U.S.C §1983
as It applies to federal offices. In the Instant
Case the Hon. Kent A Jordan is Idolize in Pastoral
and Judicial Capacity to determine Identically for relief

(7.)

Therefore, the Motion to reconsider with respect to the Defendant Homeland Security Office-ICE, should be accorded Evidentiary Hearing as expeditiously as possible and not referred for no reason order or other than the Interest of Justice or the Judges Discretion, but not with Prejudice, if the Court Can hear the Merits again Prior to the Criminal Trial against the Plaintiff. The Motion Should be granted In my favor.

## D.   RELIEF SOUGHT.

The Plaintiff has waived the Prior Soughted Monetary damages having Prayed about it and the Spirit of the lord, In wisdom Flourishes him to have Compassion on the officers, accordingly I have Cast off and and abhored $4 Million, for Compensatory damages and punitive, the Court Can grant any other relief deems Fit and proper. Including attorney's fees.

## B. DELAWARE RIVER AND BAY AUTHORITY POLICE DEPARTMENT:

Civil Rights Actions — Immunity- Disputed facts- Appellate Review.

Exercising its Supervisory Power, the U.S. Court of Appeals for the Third Circuit Dec. 11, announced a rule for district Courts to follow in Civil rights Cases when defendants move for Summary Judgment on the basis of qualified Immunity. When denying such a Motion on the ground that Material facts are Subject to genuine dispute, the district Court must "specify those material facts that are and are not Subject to genuine dispute

(8.)

and explain their Materiality, Judge Samuel
A. Alito Jr. ruled. By Identifying and explaining
the facts in dispute, the district Court will
enable the appellate Court to Carry out its
review function, the Court said ( forbes v.
Lower Merion Township, 3d Cir. No. 01-3942,
12/11/02).

(a)  IDENTIFYING AND EXPLAINING THE
       FACTS  IN  DISPUTES.

The Court In the Instant Case Seeking
to rule in an abuse of discretion, not
raising the Specific allegations and the Un-
warranted or Impermissible Conducts against
Officers; Coleman, Hawkins and Sgt Cook, the
Court according to the Order dated, So
dated December 15, 2005, ruled irrationally, used
a language that is totally not Identifying
the Individual wrongs as alleged by the plaintiff,
Instead the Court Turned on one Side, to
belligerent, hinder the benefit of the damages
by applying Principles as the Court Construed
to rest Solely on the theory of Vicarious
or Supervisory liability; whereas this application
tends to Interdict the frost or elements of the
Plaintiff's Claim of Heinous Conduct, Seeking
monetary relief from the defendants, Coleman,
Hawkins and Sgt Cook, based on their personal
Involvement In the Constitutional Violation, as
a result of or from an official Custom or Policy,
exhibiting between the Policy and alleged
repulsive Conduct of the Individual defendant,
Well known as deliberate Indifference to the
Plight of Its directed action Against Mr. Auda.

(9.)

(1). THE EXECUTION OF THE POLICY WAS THE
MOVING FORCE BEHIND THE DEFENDANTS
MISCONDUCT.

I am delighted particularly on this Court's
known opinions in records as ruled many
Magnificent orders which can reasonably
privileged the Plaintiff for damages. However,
the Court in this Case failed to Identify and
explain not because of Some Supervisory position
but direct actions and Its worth a whole
lots of Cognizability in asguendo based on
Its facts and existing Laws.

(a) The Condition that Police officer, Coleman,
Hawkins and Sgt Cook, Involving there Individual
Conditioning the Confinement Placed on Awala per
Se Satisfies any objective elements as shown that
the Condition denies a minimal Civilized measure
of life's necessities So as to Create excessive
risk to the plaintiff's health and Safety.

(b) The Subjective element, with the passion of
the State of Minds of the alleged officers
Coleman, Hawkins and Sgt Cook was a
Custom received inherently and they have
no evasive Intent Tending to Withdraw
from there acts, It was oppressive and
forceful and was persuaded by un-
Constitutional Police Policy. Thus, Cognitive.

In the Courts opinion:

(2) The Complaint: It was August 12,
2004, following a Telephone tip
by the Toll clerk alleging that
(10.)

the Plaintiff was stopped for failure to Pay a toll. Incident to the arrest, officer Hawkins and officer Coleman approached and parked Two Police Cars behind the Plaintiff, after a brief InterCourse, Officer Coleman directed the Plaintiff to Individually drive Southbound to the Right wing, the loaded Truck (Trash and Some personal Households) However the Plaintiff Obeying the Office Voluntarily and Intelligently drove and packed the Vechicle, waited approximately 5 minutes, before the Police, Came through, then Ordered him to get out of the Car, opened the back of the truck and making him stand outside in "the heavy rain bearly footed, no shoes on, for more than 1.00hrs More than Thrice the plaintiff request to Put on Some shoes, his leader shoes he taught the rain would damage, the officers said no, the plaintiff had no real pants or shirt or dressed approately, but with a linen long Coat thrown down his body. No reasonable Justification to Compel the Plaintiff to stay out as Sich, the Plaintiff, did not display any threat towards the Safety of the officers, he was In fact ordered to drive the Vehicle after they learned he heard a Suspended license, Something a reasonable officer shouldnt have done, plaintiff Obeyed did not attempt to escape nor display any Suspicion for misConduct.

Subsequently, no sign the Plaintiff was handshaking beCause he had no Self-guilt, neither did he foreseen -- Immigration watch list, other than NCIC Hit for Prior felony Conviction, the Plaintiff was mind free of any disability motivated by the Homeland Security, In himself he knew he was legal and permuted to reenter the United States In light of the discovery that he his Born in here.

(11.)

Awa, compelled to work bear facted a long distance, right
Into the DRBAPD office and Stripped Searched,
then Placed in the rear end Holding Cell, cold,
then Plaintiff wrapped around him the linen
coats Layeed on the ground for more than
Six hours, before the Police then Convey Some
issues about Immigration, Plaintiff expressed
disapproval, the Officer Call in question of his
Status, plaintiff Respondend I am An American
Citizen, and my grand father his American Citizen
and I was allowed back in the Cantry. From
that moment on the pattern of the Police
MisConduct begins, within 3 more hours, I
Requested for food or drink, the defendant failed
to respond, any reasonable person born and raised
half and half in tropical or non-tropical, Including
those raised here in full would agree with the
Plaintiff that cell was extremely cold, no heat at
all Like below O level. Officer Coleman performed
his finger printing, no paralell opinion about feeding,
Officer Hawkins, started questioning the Plaintiff
hotely, in all these Plaintiff ensuered all question,
Subsequently, Sgt Cook, with malice end
aforethought, opened the cell the plaintiff was
Lying on the ground, Used his force his foot,
to Kick off the only linen clothes the plaintiff
was using to keep warm from cold. Within
3 hrs. (now 12 hours), Officer Hawkins (female
Officer brought the Plaintiff before Local Judge
hamby- New Castle, Video Court Conference) and
Prior to that She raised her Voice and
Indicated behind Malice" you must not
mention over the Video Court' what You have
been Complaining about we dont do that here"
Obviously, I Can reasonably Inker It was a Policy
and her Instruction was a moving force behind the
Heinous Conduct In Violation of my Constitutional right.

(12).

truck because the rain was heavy so I had to endure to some extent.

However, It was punitive, lack of Nutrition for In Custody, approximately 14 Hours, excessive abuse beyond Cruel and unusual punishment or Torture, Coming around piping my Naked body, Using "terroristic" threats and Sexual gestures, Singing and Whistling "American Woman" Simply because I disagreed I was Alien and that I was American, It was their Customs, and motivated by that Custom, and there was an Affirmative link between each Individual police officers Conduct. A reasonable officers Could have find a small Blanket and food, touched by a Sympathetic mind, Instead grossly and Indulgently or permissively enforced by the Sgt Cook, It was uncertain Whether the Supervisor Albert W. Littleton, was physically present in that Unit or Room, However since his Signature was attested on the Police Report Same day Same hour, It Can be reasonably Concluded he heard or enter Informally Into the Commission of the Abuse.

Finally, the Evidence Showed that the only Individual officers that Showed their misconducts were Officers Hawkins, Coleman and Sgt Cook and their actions were Inequitable or arbitrary and are persons within the meaning of Title 42 USC Section 1983, and they are Officially and Individually responsible In light of there pattern of Misconduct and persuaded by their Policy or decision Making System. and they are not Immune from Suit and there action is Consistent with the Supreme Court's opinion that Municipalities Could assert

(13)

No " affairs on an assumption that they could violate Constitutional rights indefinitely and the Supreme Court held that Monroe v. Pape had mis apprehended the meaning of the Statute. Therefore, no Saving clause.

CONCLUSION: If was not Agent Gonzales that Induce the officers to provide the Plaintiff his linen Coat based on Some enormous Impact to liberty Interest, regarding "receipt" property receipt issued at the Baltimore Airport, located in the Truck, for registration of the Plaintiff Citizenship Claim. I mean I was Tossled up, shaking, Cold, the defendant, Delaware River And Bay Authority and its officers Infringed the Plaintiffs Constitutional rights and the right was Clearly established right in Custody or Stationhouse, and any reasonable officer Could have reasonably known that the Conduct does violates established or protected Rights under the U.S. Constitution, This, any potential attempt to enjoy protection under the doctrine of qualified Immunity must fail, and the Court Should grant the Motion to Consider and establish Civil damages Insofar as then Conduct that Violates the Plaintiffs Rights.

(3.) , RELIEF SOUGHT.

For each part Taken In the punishment the Plaintiff Shall pay $1 Million each bringing it to Compensatory damages or punitive $3 Million.

THEREfore, Total damages for Both defendants Homeland Security and DRBAP $7 Million. In Good I Trust

Dated: 1/8/06

CC: DRBAPD / Court Clerk co DE
Kent Powder
D.C. Human Right.

(14).

Submitted Respectfully

Gbeke M. Awala
SCCF
12 S Cemetary Rd
Woodstown, NJ 08098



...beke Michael Awala
...0. 82.074-054
...DC Philadelphia
...O. Box 562
...iladelphia, Pa 19105

Immigration and Naturality
Service.
Nations Bank Center
100 South Charles St.
11 Flr.
Baltimore, Maryland 21201

NIXIE        212        1

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 19105056262      *1523-02958-08-35

08 09/17/05

(Exhet 2)
Awala