IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE AWALA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-97 KAJ |
| | ) |
| DELAWARE RIVER AND BAY | ) |
| AUTHORITY POLICE DEPARTMENT, | ) |
| AND HOMELAND SECURITY OFFICE | ) |
| - ICE, | ) |
| | ) |
| Defendants. | ) |



**AUTHORIZATION**

I, Gbeke Awala, Fed. Reg. #82074-054, request and authorize the agency holding me in custody to disburse to the Clerk of the Court all payments pursuant to 28 U.S.C. § 1915(b) and required by the Court's order dated December 15, 2005.

This authorization is furnished in connection with the filing of a civil action, and I understand that the filing fee for the complaint is $250.00. I also understand that the entire filing fee may be deducted from my trust account regardless of the outcome of my civil action. This authorization shall apply to any other agency into whose custody I may be transferred.

Date: January 16, 2005.

_____
Signature of Plaintiff

what date?
wrong date
false pretense    12/18/05

Civil Liability    Sec. 2, Cl. 1 The Judiciary Art. 3

This article did not permit federal Court which had Jurisdiction over Civil rights claim against Police officer to exercise pendent party Jurisdiction over State Law Claims for assault and battery against private parties Miletich v. Raley's D.C. Nev. 1984, 593 F. Supp. 124.

Sua Sponte Court action

We have chosen to administer Justice through Courts which are limited to adjudication of Cases and Controversies in adversarial settings, with rare exceptions, a federal Court is not authorized to act Sua Sponte and an adversarial Interest is essential. U.S. v. Weinstein (1975) 511 F.2d 622, Certiorari denied 95 S.Ct. 2655, 422 U.S. 1042.