IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE MICHAEL AWALA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 05-097-KAJ |
| ) | |
| DELAWARE RIVER AND BAY ) | |
| AUTHORITY POLICE DEPARTMENT, ) | |
| AND HOMELAND SECURITY ) | |
| OFFICE - ICE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

### I.   INTRODUCTION

Plaintiff Gbeke Michael Awala ("Awala"), is a *pro se* litigant who is currently incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania. At the time he filed this complaint (D.I. 2), Awala was incarcerated at the Salem County Correctional Facility in Woodstown, New Jersey. Awala filed this action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 12.) On December 15, 2005, I dismissed, without prejudice, his complaint as frivolous. (D.I. 26.) Awala moves for reconsideration of the order (D.I. 28) and also moves for summary judgment (D.I. 32).

### II.   STANDARD OF REVIEW

The standard for obtaining relief under Rule 59(e) is difficult for Awala to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows:

(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D. Pa.1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D.Del.1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA,* 735 F.Supp. at 1241 (D.Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

### III. DISCUSSION

Awala argues that I abused my discretion and ruled irrationally when I dismissed his complaint. Awala contends that he is entitled to bring an action against the Department of Homeland Security because it deprived him of his right to due process and equal protection. He also argues that it is not entitled to qualified immunity or sovereign immunity. With regard to the Delaware River and Bay Authority Police Department, Awala now argues that he seeks monetary damages from Officers Coleman, Hawkins, and Cook based upon their personal involvement in the alleged

2

wrongful acts taken against him. He recites a litany of actions allegedly taken by these three officers to support his position.

Awala does not argue there was an intervening change in the controlling law or the availability of new evidence that was not available when I issued my order. Rather, he appears to argue there is a need to correct a clear error of law or fact. Indeed, Awala argues that I misapplied the law, misstated the facts as alleged in his complaint, and abused my discretion in making my rulings.

Awala simply does not agree with the Memorandum Order I entered on December 15, 2005. The law has not changed and there is no new evidence. After giving appropriate review to the present motion, I find there is no need to correct a clear error of law or fact or to prevent manifest injustice. Indeed, I took care to review Awala's allegations against Officers Coleman, Hawkins and Cook. As I stated in my December 15, 2005, Memorandum Order, "even had Awala named individuals as defendants, the allegations in the complaint naming specific individuals who are not named as defendants simply do not state a claim rising to the level of a constitutional violation." (D.I. 26, p. 6.) Awala has not demonstrated any of the grounds necessary to warrant reconsideration, and therefore, his motion will be denied.

## IV. MOTION FOR SUMMARY JUDGMENT

Inasmuch as Awala has no viable cause of action, his motion for summary judgment (D.I. 32) is frivolous. It does not merit comment or consideration by the Court.

## V.     CONCLUSION

IT IS HEREBY ORDERED that:

1. The motion to reconsider (D.I. 28) is DENIED.

2. The motion for summary judgment (D.I. 32) is DENIED.

3. For the reasons set forth in this Memorandum Order, the Court discerns no good-faith basis for an appeal. See 28 U.S.C. § 1915(a)(3).

_____
UNITED STATES DISTRICT JUDGE

March 3, 2006
Wilmington, Delaware