IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

---------------------------------x :

GBEKE MICHAEL AWALA,
No.82074-054
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105,                    :

       Plaintiff,                       Civil Action No.<u>05-97-KAJ</u>

  vs.                                    :

PATROL MAN COLEMAN,
Police Officer of the                      :
Delaware River Bay Authorities
Police Department, <u>in his individual</u>  :
<u>Capacity</u>,
New Castle, Delaware

    and

PATROL WOMAN HAWKINS,
Police Officer of the                      :
Delaware River Bay Authorities
Police Department, <u>in her individual</u>  :
<u>Capacity</u>,
New Castle, Delaware

    and                                    :

SERGEANT COOK,
Police Officer of the                      :
Delaware River Bay Authorities
Police department, <u>in his individual</u>
<u>Capacity</u>,                                  :
New Castel, Delaware

       Defendants.                      :
---------------------------------x :



FILED
APR 1 4 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
RD scanned

<u>COMPLAINT AND JURY DEMAND</u>: The plaintiff Gbeke M Awala/court failed to

ruled over, therefore, gave the plaintiff understanding to proceed with its case and alleges as follows:

SUPPLEMENTARY PRELIMINARY STATEMENT

1. At all times relevant hereto, Plaintiff was outside the State of Delaware, but was travelling inside the State of Delaware Memorial Bridge in New Castel at or near the toll gate on August 12, 2004, when he was arrested. Plaintiff currently is an inmate in the Philadelphia Federal Detention Center awaiting a sentencing Hearing because Plaintiff was indicted and convicted for arrest under the policies and practices of the Defendants.

2. Plaintiff brings this Civil Rights action against the defendants to redress the deprivation, under the color of state law, of rights, privileges and immunities secured to him by provisions of the Fourth, Fifth, Sixth, Eight, Ninth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§1981, 1982, 1983 and 1985.

3. Plaintiff also alleges that Defendants unlawfully deprived him of his civil rights under the Delaware Constitution.

4. Plaintiff reserves the right to amend this Complaint as soon as Plaintiff's case is placed on Scheduling and briefing order and this matter are made available to the Jury by the state through Discovery.

5. Plaintiff alleges further that the above-mentioned arrest, abuse and sexual abuse were knowing, deliberate and intentional, and/or policies and/or practices of Defendants were, knowing, in disregard for the health and well-beign of plain-

tiff and due to that arrest, Plaintiff was unlawfully caused to suffer, stripped naked and compeled to remain in a cell room naked and extremely cold.

6. Plaintiff alleges that he was a victim of racial ram, which was a practice of the Delaware River Bay Authority Police Department and/or many of its patrol Officers in their individual and official capacities at the time of his arrest and was part of a malicious prosecution run by the Homeland Security Division and the alleged DRBAPD Police and/or its Agents and Officers in their individual capacities.

7. Plaintiff alleges further that the above-mentioned arrest and abuse and/or policies and/or practices of Defendants were knowing, deliberate and intentional, in disregard for the Health and wellbeign of Plaintiff and due to that arrest, Plaintiff was unlawfully caused to be unreasonably detained and maliciously prosecuted because he was caused to be unlawfully indicted and convicted in Delaware and to be placed under imminent danger for greater sentence.

8. Plaintiff alleges further that the above-mentioned arrest abuse and racial ram and/or policies and/or practices of Defendants were knowing, deliberate and intentional, in disregard for the health and wellbeign of Plaintiff and due to that arrest, Plaintiff was unlawfully caused to have his Federal Application for Citizenship treated as a illegal reentrying the United States.

9. Plaintiff alleges that the Delaware arrest arising out of a failure to pay toll, caused him to be maliciously prosecuted and unreasonably detained as he was caused to be unlawfully indicted, convicted unlawfully in the State of Delaware, due

3.

a Federal indictment that succeeded that arrest and caused him to be maliciously prosecuted and unreasonably detained and created a adverse end impaired by the conviction to perform an obligation reasonable towards attaining his U.S. Citizenship by birth, and serve a greater risk of penalty to be treated as an Alien, due to racial ram caused by the Defendants.

10. To plaintiff's unjust and unlawful detriment, his conviction is scheduled for sentencing on May 11, 2006.

11. Plaintiff further alleges that such acts, policies and practices are shocking to the conscience of civilized persons and intolerable in a society purportedly governed by laws and considerations of due process.

## JURISDICTION

12. The court's jurisdiction invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3) and (4). 2201 and 2202. The substantive federal claims in this action arise out of 42 U.S.C. §§1981, 1982, 1983 and 1985, the Fourth, Fifth, Sixth, Eight, Ninth and Fourteenth Amendment of the United States Constitutiona. In addition, Plaintiff asserts state claims herein under the Delaware State Constitution.

## PARTIES

13. Plaintiff, Gbeke Michael Awala, is an individual who currently resides at the United States Detention Center, FDC Philadelphia, pennsylvania, P.O. Box 562, as an inmate for a conviction on Federal criminal charges in Delaware awaiting a Sentencing hearing on the conviction in which the Defendants are aware off and played direct and palpable part in the instrumentation and implementation of policies used to reach the guilty verdict against the plaintiff,

4.

it turns out, wrongly and the plaintiff his injured.

14. While not named defendant herein, the Delaware River Bay Authority Police Department is a state agency organized and existing under the laws of delaware, having its headquarters at New Castel, Delaware.

15. At all times relevant herein, the individual defendants were agents, servants, workmen and/or employees of the Division of DRBAPD Police, acting as individuals under the Authority and color of State Law so as to appear to be acting within the course of their agency and/or employment with the DRBAPD Police, Defendants used their positions, the force of their authority and under color of state law deprived Plaintiff of his civil rights out of 42 U.S.C. §§1981, 1982, 1983 and 1985, the Fourth, Fifth, Sixth, Eight, Ninth and Fourteenth Amendments of the United States Constitution, under the State of Delaware Constitution.

16. Defendant, Patrol Man Coleman is sued in his individual capacity as Police Officer of the Delaware River Bay authority Police department.  Said Defendant maintained an Office at River Bay authority in New Castel, his current whereabouts beign unknown to Plaintiff.  At all times relevant hereto, Defendant, Coleman, in his individual capacity, acting within the scope and authority of his position as Police Officer, was directly under the responsibility for practices and procedures of the Patrol Man and/or Police Officer, including the policies, practices and procedures used on Plaintiff, Gbeke Michael Awala, as more particularly described hereafter.

5.

17. Defendant, Patrol Woman Hawkins is sued in her individual capacity as Police Officer of the Delaware River Bay authority Police department. Said Defendant maintained an Office at the River Bay authority in New Castel, her current whereabouts beign unknown to Plaintiff. At all times relevant hereto, Defendant Hawkins, in her individual capacity, acting within the scope and authority of her position as Police Officer, was directly under the responsibility perpetuated and participated in the alleged illegal pracices of a racial otrageous conducts and malicious prosecution, by aiding the policies, practices and procedures used on Plaintiff, Gbeke Michael Awala, as more detail on court.

18. Defendant, Sergeant Cook, is sued in his individual capacity as an officer in the Delaware River Bay authority Police department at the time of plaintiffs arrest. Said defendant maintains an Office at the River Bay authority in New Castle, his current whereabout beign unkown to Plaintiff. At all times relevant hereto, Defendant Cook, in his individual capacity acting within the scope and authority of his position as an officer and/or Sergeant was direct responsible for the practices and procedures of the Delaware River Bay authority Police Deparment, including the policies, practices and procedures used on Plaintiff, Gbeke Michael Awala, as more. Said Defendant directly participated in the perpetuation of the illegal practices of racial ramage against the Plaintiff and malicious prosecution.

19. Defendants, Coleman, Hawkins and Cook, are sued in their individual and official capacities as DRBAPD'. regularly conduct business, exercise and use the force of their authority under the color of state law for the Delaware River Bay authority Police Department, and/or backup.

6.

20.    COUNT

Plaintiff, Gbeke Michael Awala, was arrested on August 12, 2004 by agents and/or employees of the Delaware River Bay authority Police Department including, but not limited to, Defendants, Police Coleman, Police Hawkins and Police Cook, Badge No. unknown to Plaintiff, Police, persons in the City of New Castle in the State of Delaware, directed against the Plaintiff severe pain and suffering while in their custody and physical control arising from an incidental lawful sanctions from lack of funds to pay toll, then the defendants inflicted the alleged pain causing him to suffer mental pain in addition to the original deprivation oulined above. The defendants intentionally torture the Plaintiff.

21.    Plaintiff further alleges that the above-mentioned defendants arrest and/or policies and/or practices were knowing, deliberate and intentional, in disregard for the health and wellbeign of Plaintiff.

22.    Plaintiff alleges that he developed and was treated for ulcer the following day when he was advised to drink milk after his urine returned with some deficiencies and subjecting him to deliberate indefference in treatment.

UNITED STATES CONSTITUTIONAL CLAIMS

23.    Defendants, Coleman, Hawkins and Cook, in their individual capacities and under color of state law, arrested Plaintiff, and subject him to direct result of racial ram. Such acts and omissions of said defendants violated rights, privileges and immunities secured to Plaintiff under the Fourth, Fifth, Eight, Ninth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. Sections 1981, 1982, and 1983, and 1985, and constitute deliberate indefference treatment.

7.

24. Defendants, above-mentioned with knowledge of Plaintiff's rights, acted or failed to act in suct a manner as to protect said rights by torturing Plaintiff as a result of racial ramaging. Such acts and omissions of the Defendants violated rights, privileges and immunities secured him by the U.S. Constitution.

25. Defendants mentioned above actions and/or omissions were negligent and/or reckless and/or intentional.

26. Defendants above-mentioned actions and/or omissions were committed under color of state law and/or pursuant to policies, customs, practices, rules, regulations, ordinances, statutes and/or usages of the City of New Castel and State of Delaware.

27. Defendants above-mentioned actions and/or omissions violated the Fourth Amendment because they permit him to involuntarily and un-intelligently consent to search his truck in their possesions by allowing the transfering Agent Gonzales, to take tactical advantage over the weaken state of mind and health of the Plaintiff, after torturing him, by starvation and unde infliction of other pain already pleaded on record, they resulted in Plaintiff beign maliciously prosecuted when they lied about facts already told them regarding plaintiff's U.,S. Citizenship and why he was allowed back in the Country, thus, far, Plaintiff was maliciously prosecuted by their failure to disclose truthful facts that is in favor of the Plaintiff's innocence. The sergeant Cook took aggressive action, by foot struck the Plaintiffs linen used to cover his body on the bear floor with no matrass he did that unto his fellow-citizen and the defendants all with reckless disregard for truth, included false statement in affidavit submitted and ignored other instances, their punishment was unjust the Plaintiff did not pose any danger to them.

8.

28. At the most relevant time, the Defendant Officer Hawkins and Coleman were eyewitness corroboration of considerable evidence to establish that evidence introduced by the prosecutor at the criminal trial against the plaintiff were insufficient and prejudicial, because in the criminal trial Plaintiff would have cross-examine each and everyone one of the officers on deliberate ignorance in the criminal case and the defendants simply ignored the trial, facts inflicted on him would have been submitted to the Jury as a result of the defendants absence evidence of his statement recorded on paper was not unfolded, the wrongs inflicted on the Plaintiff called the defendants traitor at every turn of the criminal trial defendant commited a sacrilegious conduct on him and caused him to be maliciously convicted upon a charge he would have been found innocent if the defendants were called on stand, or produced at trial.

30. Defendants, with knowledge of Plaintiff's rights, and knowing also the inadequacies and deficiences in their policy of racial ram and deliberate torture, had a duty under the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. SEctions 1981, 1982, 1983 and 1985 to establish and implement policies, practices and procedures designed to assure that Plaintiff was treated in an appropriate way in conformity with the proper method of treatment as a whole in the City of New Castle.

31. Defendants, knowing of the Constitutional rights of Plaintiff, and with deliberate indifference to said rights, had failed and neglected to eastablish and implement policies, practices and procedures designed to assure that Plaintiff was secured appropriately while waiting the alleged authorities in the proper and adequate standards considered for stationhouse custody.

32. Defendants' above-mentioned actions and/or omissions were negligent and/or reckless and/or intentional.

33. Defendants' above-mentioned actions and/or omissions were committed under color of state law and/or pursuant to policies, customs, practices, rules, regulations, ordinances, statutes and/or usages of the State of Delaware.

34. As a direct and proximate result of the above-described actions and omissions of Defendants, Plaintiff has suffered general damages, permanent injury preexisting injury have been seriously aggravated the preexisting condition, eye injury nerve therapy, some soft tissue injuries that are uneasy to assert, however, medical bills, future expenses increased pain and suffering in an amount in excess of Two Million Dollars($2,000,000.00), exclusive of interest and costs, the exact amount of which will be proven at trial.

35. Defendant's above-mentioned actions and/or omissions were committed under color of state law and/or pursuant to policies, customs, practices, rules, regulations, ordinances, statutes and/or usages of the State of Delaware.

36. The acts, conduct, and behavior of Defendants, and each of them, were performed knowingly, intentionally and maliciously, by reason of which Plaintiffs are also entitled to an award of punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) each.

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Court determine and enter judgment declaring that the acts and omissions of Defendants, as set forth above, violate rights secured to Plaintiff by the Fourth, Fifth, Eight, Ninth

1. That the Court determine and enter judgment declaring that the acts and omissions of Defendants, as set forth above, rights secured to Plaintiff by the Fourth, Fifth, Eight, Ninth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. Section 1981, 1982, 1983 and 1985;

2. Buy me a house in Delaware so the Plaintiff can reside their.

3. Defendant will contribute to the list of charities enlisted in the initial complaint.

4. Stipulation that Defendant would not further ill-treate any persons whether citizens or Alien.

5. Defendant shall prepair a special meal upon the return of the Plaintiff they will follow up the food initially sought by the Plaintiff to its plenary.

6. Release the Plaintiff from custody.

7. Reasonable provisions to plaintiff attorney's fees.

8. That the Court grant such further relief that it deems appropriate.

Dated. _____, 2006.

Respectfully submitted,

_____
Gbeke Michael Awala Pro Se
No. 820-74-054
FEderal Detention Center
P.O. Box 562
Philadelphia, PA 19105

cc: No appearance filed
    except on appeal.

11.

MEMORANDUM OF LAW

Awala moves for trial of the facts before the Honorable. Accordingly, to bring the case to its plenary. In support thereof, plaintiff states as follows in case laws and Statutory authorities relied upon.

In Max's seafood Cafe v. Quinteros, 176 F.3d 669, 677(3d Cir. 1999)( a court may alter or amend its judgment if the movant demonstrates at least one factor; the need to correct a clear error of law or fact or to prevent manifest injustice).

Here, Awala moves to benefit under the Quinteros precedent as well as the 7th Amendment U.S. Constitution- In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law. Accordingly, the Plaintiff respectfully urged the Court to consider this manner of settlement since all the attempt by one judge is resulted into clear error of facts and law and to prevent manifest injustice let the people decided the facts. Amen.

Municipalities may be held liable under 42 U.S.C. Section 1983 for actions which result in a deprivation of constitutional rights. See Monell v. Dep't of Social Servs, 436 U.S. 658(1978).

Therefore, the DRBAPD(Delaware River Bay authority Police Department); may help to resolve this cas since he his also liable. WHEREFORE, the Plaintiff prays the court grant the relief. Dated. 4/W     , 2006.

Gbeke M. Awala Pro Se